Matter of Malachi A.D. (Zilasia D.) (2020 NY Slip Op 00907)





Matter of Malachi A.D. (Zilasia D.)


2020 NY Slip Op 00907


Decided on February 6, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2020

Acosta, P.J., Richter, Kapnick, Mazzarelli, Moulton, JJ.


10958 -36970/15

[*1] In re Malachi A.D., A Dependent Child Under Eighteen Years of Age, etc., Zilasia D., Respondent-Appellant, New York Foundling Hospital, Petitioner-Respondent.


Andrew J. Baer, New York, for appellant.
Daniel Gartenstein, Long Island City, for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Riti P. Singh of counsel), attorney for the child.



Order, Family Court, New York County (Emily M. Olshansky, J.), entered on or about September 25, 2018, which, inter alia, upon a determination that respondent mother suffers from a mental illness within the meaning of the Social Services Law, terminated her parental rights to the subject child and committed custody and guardianship of the child to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.
Clear and convincing evidence supports the finding that respondent, by reason of her mental illness, is presently and for the foreseeable future unable to provide proper and adequate care for her son (Social Services Law § 384-b[4][c]; see Matter of Priseten T. [Miatta T.], 147 AD3d 458 [1st Dept 2017]). The evidence included a detailed clinical report and testimony from an expert in clinical and forensic psychology who reviewed respondent's medical records, mental health evaluations, conducted his own clinical interview of her on three separate dates, and observed how she and the child interacted during supervised visits. The expert concluded that respondent suffers from schizoaffective and other psychotic disorders, has a history of paranoia, impaired judgment, erratic behaviors, and paranoid delusions. Respondent blamed others for her instability, lacked insight into her illness, had a history of inconsistent engagement in treatment, and failed to consistently take her prescribed medication (see Matter of Elizabeth H. [Ylein S.], 165 AD3d 402 [1st Dept 2018]).
The court providently exercised its discretion in denying respondent's request for an adjournment to secure an expert on her behalf. Respondent had ample time to secure such an [*2]expert in preparation for the fact-finding hearing and failed to show how securing an expert would have been favorable to her case (see Matter of Steven B., 6 NY3d 888 [2006]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 6, 2020
CLERK