In Yaritza M.C. v Hilario V. (2025 NY Slip Op 02715)

In Yaritza M.C. v Hilario V.

2025 NY Slip Op 02715

Decided on May 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 06, 2025

Before: Webber, J.P., Scarpulla, Mendez, Rodriguez, Pitt-Burke, JJ. 

. V-26658-18/21 Case No. 2024-02914|Docket No. V-26658-18/21|Appeal No. 4271|Case No. 2024-02914|

[*1]In Yaritza M.C., Petitioner-Appellant,
v
Hilario ., Respondent-Respodent. 

Geoffrey P. Berman, Larchmont, for appellant.
Donna C. Chin, New York, for respondent.

Order, Family Court, Bronx County (Jessica M. Crafton, Ref.), entered April 8, 2024, which dismissed with prejudice the mother's petition for an order modifying a prior order of custody and visitation, dated January 9, 2019, unanimously modified, on the law, to the extent of deleting the provision that the dismissal of the petition is "with prejudice," and otherwise affirmed, without costs.
Family Court providently exercised its discretion in denying the mother's adjournment request to call the maternal grandmother as a witness (see Matter of Steven B., 6 NY3d 888, 889 [2006]; see also Matter of Malachi A.D. [Zilasia D.], 180 AD3d 432, 433 [1st Dept 2020]). The mother had ample time to secure the grandmother's presence at the hearing. The record shows that the matter had been pending for approximately two and a half years, during which time the mother was represented by four different attorneys. The mother also had four months to prepare for the new fact-finding hearing after her newly appointed attorney moved for a mistrial of the first fact-finding hearing. At no time, including when requesting an adjournment of the fact-finding hearing, did the mother indicate that the maternal grandmother could offer any relevant testimony in support of her petition (see Matter of Anthony M. [Allison M.], 100 AD3d 441, 442 [1st Dept 2012]).
However, the order should be modified to the extent of deleting the provision that the dismissal of the petition is "with prejudice" (see Matter of Keidy A.R. v Timothy L.L., 233 AD3d 630, 631 [1st Dept 2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2025